FALLS COMMUNICATIONS, INC., Petitioner-Respondent,

v.

Wisconsin DEPARTMENT OF REVENUE, Appellant.

Court of Appeals

*No. 84–1699. Argued December 17, 1985.—Decided April 24, 1986.*

(Also reported in 389 N.W.2d 65.)

For the appellant there was a brief by *Bronson C. La Follette,* attorney general, and *DeWitt Strong,* assistant attorney general, and oral argument by *DeWitt Strong,* assistant attorney general.

For the petitioner-respondent there was a brief by *Paul J. Munson* and *Sheila M. Geoghegan,* and *McDonald, Fitzpatrick, Schroeder & Munson,* of La Crosse, and oral argument by *David Lang.*

Before Gartzke, P.J., Dykman, J., and Eich, J.

GARTZKE, P.J. The Wisconsin Department of Revenue appeals from a judgment reversing the Tax Appeals Commission's decision upholding the department's assessment of additional income tax against Falls Communications, Inc. for 1979. The question is whether the transfer of an instalment sale obligation by merger of one corporation with another is a "distribution" to the merged corporation under Wis. Adm. Code sec. Tax 2.19(2). If it is, the assessment is valid. We hold it is not, and therefore affirm the circuit court judgment setting aside the assessment.

Falls Communications, a Wisconsin corporation, sold a business asset in 1978. The purchase price was to be paid in instalments. Falls Communications reported the sale by the instalment method of tax accounting for state tax purposes, as permitted by sec. 71.11(8), Stats. Its right to do so is unchallenged.

Falls Communications and C.K. of Tennessee, Inc., a Tennessee corporation, had common shareholders. The corporations and the shareholders approved a plan of merger by which Falls Communications was merged into C.K., effective April 1, 1979. After the merger,

C.K. continued to report gain from the 1978 sale by the instalment method. The department subsequently made the $20,072.16 assessment at issue on grounds that by the 1979 merger, Falls Communications distributed the instalment obligation to C.K. and C.K. therefore lost or did not acquire the right to use the instalment method. The department included the remaining unrecognized gain on the instalment sale obligation in Falls Communications' taxable income for the year of the merger.

Wisconsin Adm. Code sec. Tax 2.19 is a Department of Revenue rule concerning the instalment method of tax accounting for corporations, as authorized by sec. 71.11(8), Stats., and provides:

> (2) Use of the instalment method . . . shall be conditional upon the implied agreement of the corporation to take into income in any year in which it distributes the instalment obligation, the unreported balance of gain on the instalment sale or exchange.

The interpretation of an administrative rule is a question of law. *Huff & Morse, Inc. v. Riordon,* 118 Wis. 2d 1, 4, 345 N.W.2d 504, 506 (Ct.App. 1984). We owe no deference to the circuit court's construction of a rule. *Moonlight v. Boyce,* 125 Wis. 2d 298, 303, 372 N.W.2d 479, 483 (Ct.App. 1985). The agency's interpretation is entitled to deference and we will sustain its legal conclusion if reasonable even though an alternative view may be equally reasonable. *City of Sheboygan v. WERC,* 125 Wis. 2d 1, 4, 370 N.W.2d 800, 803 (Ct.App. 1985).

The department's interpretation of Wis. Adm. Code sec. Tax 2.19(2) is based on a misconception of corporate mergers and is therefore unreasonable. The department treats Falls Communications as having transferred to C.K. its rights on the instalment sale. We conclude that, as a matter of law, Falls Communications transferred nothing. The transfer occurred by operation of law.

The agreement and plan of merger provides that as of the effective date of merger, each outstanding share of common stock of Falls Communications shall be converted into one share of common stock of C.K. The merger is to be effective on the later of April 1, 1979 or the filing of articles of merger with the secretaries of the states of Wisconsin and Tennessee and the recording of such articles in the office of the appropriate register of deeds in Wisconsin. The agreement provides that merger is in accordance with secs. 180.62 through 180.68, Wis. Stats., and secs. 48–1–901 through 48–1–906 of the Tennessee General Corporation Act.

If a merger has been effected in accordance with ch. 180, Stats., "all property, real, personal and mixed, . . . and all and every other interest, of or belonging to or due to each of the corporations so merged . . ., shall be taken and deemed to be transferred to and vested in such [surviving] single corporation without further act or deed. . . ." Sec. 180.67(4). Section 48–1–905(b)(4), Tenn. Stats., contains language almost identical to that quoted from sec. 180.67(4).

The effect of the merger statutes is such that once the conditions for merger have been met, title to the property of the merged corporation passes to the surviving corporation by operation of law. Nothing more

is necessary to accomplish the passage of title. A corporation merged into another therefore "distributes" nothing to the surviving corporation within the meaning of Wis. Adm. Code sec. Tax 2.19(2).

Because Falls Communication distributed nothing to C.K., Wis. Adm. Code sec. Tax 2.19(2) is inapplicable, and the assessment based on that rule is void.

*By the Court.*—Judgment affirmed.