CASTLE CORPORATION, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent.

Court of Appeals

*No. 87–0368. Submitted on briefs November 6, 1987.—Decided
December 23, 1987.*

(Also reported in 419 N.W.2d 709.)

For the petitioner-appellant the cause was sub-
mitted on the briefs of *Daniel W. Hildebrand* and *Ross
& Stevens, S.C.,* of Madison.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Alan Lee,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Castle Corporation appeals from a judgment affirming a Tax Appeals Commission (TAC) order requiring Castle to pay income tax on the total gain of an instalment sale of real estate in the year of sale, even though Castle only received approximately thirty-seven percent of the purchase price that year. The dispositive issue is whether the thirty percent rule found in Wis. Adm. Code, sec. Tax 2.19(1)[1] is invalid because it exceeds the bounds of correct interpretation of sec. 71.11(8), Stats., thus violating sec. 227.11(2)(a), Stats.[2] Because we conclude Wis.

---

[1]Wisconsin Adm. Code, sec. Tax 2.19(1) provides:

> Subject to the approval of the department of revenue, a sale or other disposition by a corporation of real property, or a casual sale or other casual disposition of personal property, other than personal property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the income year, for a price exceeding $1000, may be reported on the instalment basis in the case of a sale or other disposition in an income year, beginning on or after January 1, 1967, provided that in the income year of the sale or other disposition there are no payments or the payments, exclusive of evidences of indebtedness of the purchaser, do not exceed 30% of the selling price. On the instalment basis there shall be reported as income from the instalment sale in any income year that proportion of the instalment payments actually received in that year which the gross profit realized or to be realized when payment is completed, bears to the total contract price.

[2]Section 227.11(2), Stats., provides:

> Rule-making authority is expressly conferred as follows:
> (a) Each agency may promulgate rules interpreting the provisions of any statute enforced or administered by it, if the

Adm. Code, sec. Tax 2.19(1) violates sec. 227.11(2)(a), we reverse.

Castle sold land to the city of Oskhosh for $744,072 in February of 1982.[3] By year's end, Castle had received $274,802.40, approximately thirty-seven percent of the purchase price. Castle reported the transaction on its federal and state income tax returns for the year ending December 31, 1982 as an instalment sale, thus deferring taxes on $319,349.31, the balance of the gain on the sale.[4]

On audit, the Wisconsin Department of Revenue (DOR) disallowed deferral of the $319,349.31 because the payments Castle received in 1982 exceeded thirty percent of the selling price. Wis. Adm. Code, sec. Tax 2.19. The DOR added the $319,349.31 to Castle's income for 1982, concluded that Castle had received $497,538 income in 1982, applied the appropriate tax rate, and issued Castle a "Notice of Amount Due."[5] On

agency considers it necessary to effectuate the purpose of the statute, but a rule is not valid if it exceeds the bounds of correct interpretation.

[3]The terms of the sale provided that Castle would sell approximately 124 acres to Oshkosh for $744,072. Oshkosh paid $248,024 at the closing, and was to pay the remaining $496,048 principal in twenty equal semi-annual instalments of $24,802.40 commencing August 1, 1982, with the final principal payment due on February 1, 1992. Interest payments of seven percent were to be made on each principal payment date. Castle had an adjusted basis in the land of $246,533.34. Castle's gain was $497,538.66.

[4]Castle concedes that its original calculations were erroneous because the selling price reported, i.e., $750,000, should have been $744,072. If the proper adjustments are made, the taxable part of the instalment sale would be $182,793.68, and the deferred instalment income would be adjusted from $319,349.31 to $314,744.98.

[5]In its notice, the DOR requested Castle to pay an additional tax of $27,751.44 and interest of $4,078.73, for a total of $31,830.17.

review, TAC affirmed the DOR. On judicial review, the circuit court affirmed TAC.

The interpretation of an administrative rule is a question of law which we review *de novo. Falls Communications v. Rev. Dept.,* 131 Wis. 2d 545, 547, 389 N.W.2d 65, 66 (Ct. App. 1986). However, we defer to the DOR's interpretation of a rule and sustain its legal conclusion if it is reasonable, even though an alternative view may be equally reasonable. *Id.*

Section 71.11(24)(a), Stats., provides: "The department of revenue may make such rules and regulations as it shall deem necessary in order to carry out this chapter." The issue is whether Wis. Adm. Code, sec. Tax 2.19(1) carries out the purpose of sec. 71.11(8). Section 71.11(8)(a) provides:

> The income and profits of corporations for the income year shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the department of revenue does clearly reflect the income.

Wis. Adm. Code, sec. Tax 2.19(1) provides in part: "Subject to the approval of the department of revenue, a sale ... by a corporation of real property ... for a price exceeding $1000, may be reported on the instalment basis ... provided that in the income year of the sale ... the payments ... do not exceed 30% of the selling price."

Castle filed a "Petition for Redetermination," which the DOR rejected, issuing another notice of amount due, this time for $34,963.39.

In construing a statute we are to give effect to the legislative intent. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 538, 345 N.W.2d 389, 394 (1984). The language of sec. 71.11(8)(a), Stats., is unambiguous and we need look no further to establish legislative intent. *Id.* The DOR must accept and use a method of accounting that "clearly reflect[s corporate] income."[6] Although the DOR argues that the rule at issue has been substantially in its present form for over forty years, this argument is not compelling:

> "An administrative rule, even of long duration, *may not stand at variance with an unambiguous statute. State ex rel. Irany v. Milwaukee County Civil Service Comm.* (1962), 18 Wis. 2d 132, 135, 118 N.W.2d 137; *Plain v. Harder* (1955), 268 Wis. 507, 68 N.W.(2nd) 47. In the latter case, at page 551, this court said:
>
> "'The rule-making power does not extend beyond the power to carry into effect the purpose as expressed in the enactment of the legislature. 'A rule out of harmony with the statute is a mere nullity.'" (Emphasis supplied.) *Basic Products Corp. v. Department of Taxation,* 19 Wis. 2d 183, 186, 120 N.W.2d 161 (1963).

[6]A DOR expert testified that the only issue the DOR looked at in determining whether a corporation could use the instalment method was whether more than thirty percent of the purchase price was received in the year of sale. It did not matter whether the corporation used the cash or accrual method of accounting, whether the corporation had made other instalment sales, or how the corporation characterized the instalment sales on its books or records. We conclude by this testimony that the DOR has conceded that Wis. Adm. Code, sec. Tax 2.19(1) has nothing to do with assuring that a corporation's accounting methods clearly reflect its income.

*Department of Revenue v. Howick,* 100 Wis. 2d 274, 280–81, 303 N.W.2d 381, 384 (1981).

██

Wis. Adm. Code, sec. Tax 2.19(1) contradicts the express purpose of sec. 71.11(8)(a), Stats., by requiring a method of accounting which distorts corporate income rather than clearly reflecting it.[7] Because Wis. Adm. Code, sec. Tax 2.19(1) "exceeds the bounds of correct interpretation," thus violating sec. 227.11(2)(a), Stats., we reverse.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.

[7]The DOR effectively taxes Castle on approximately $225,000 of income which Castle undisputedly will not receive for many years. Castle's 1982 income is therefore distorted by the DOR's thirty percent rule.