STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph SCHULTZ, Defendant-Appellant.

Court of Appeals

*No. 97–3414. Submitted on briefs March 23, 1998.—Decided April 28, 1998.*

(Also reported in 582 N.W.2d 113.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Robert R. Raehsler* of Hudson and *Randall D.B. Tigue* of Minneapolis.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *John J. Glinski*, assistant attorney general.

Before Cane, P.J., Myse and Hoover, JJ.

HOOVER, J.   Joseph Schultz appeals a judgment declaring his bar a nuisance. He argues that §§ 823.09 and 823.10, STATS., unconstitutionally violate his federal due process and freedom of association rights, contrary to the First and Fourteenth Amendments to the United States Constitution. He further contends that § 944.30(5), STATS.,[1] which criminalizes sexual contact, unconstitutionally establishes religion and violates equal protection, contrary to the First and Fourteenth Amendments. We conclude that the statutes are constitutional and therefore affirm.

Schultz owns the Island Bar. Two men, Thomas Barta and Joseph Ausman, pled guilty to engaging in prostitution by sexual contact at the Island Bar, contrary to § 944.30(5), STATS. The sexual contact involved women dancers rubbing their breasts and pubic areas against male patrons, and male patrons touching and kissing the dancers. The district attorney brought a claim pursuant to §§ 823.09 and 823.10, STATS., to declare the Island Bar a nuisance on the grounds that Schultz permitted prostitution to occur within it. Sch-

---

[1] In his brief, Schultz argues that § 944.21(5), STATS., criminalizes sexual contact. We conclude that Schultz must mean § 944.30(5), STATS., the section that prohibits sexual contact for anything of value.

ultz brought a counterclaim for a declaratory judgment that the nuisance and prostitution statutes were unconstitutional. The parties agreed that the court's decision regarding the constitutionality of the statutes would be controlling and that there was no substantial factual dispute. The court concluded that the statutes were constitutional.

On appeal, Schultz contends that §§ 823.09 and 823.10, STATS., violate his due process rights. He argues that the statutes provide that conviction for prostitution constitutes *conclusive* evidence that the building is used for purposes of prostitution, thereby binding him to the results of the prior criminal proceeding in which he had no participation and depriving him of a meaningful hearing in the nuisance action. He also apparently asserts that the statutes irrefutably presume the owner had knowledge of the prostitution activity occurring on the property.

■

The party challenging the constitutionality of a statute has the burden to prove that the statute is unconstitutional beyond a reasonable doubt. *State v. Carpenter*, 197 Wis. 2d 252, 263, 541 N.W.2d 105, 109 (1995). Constitutional challenges to a statute must overcome a strong presumption of constitutionality. *State v. Thiel*, 188 Wis. 2d 695, 706, 524 N.W.2d 641, 645 (1994). If any doubt exists as to a law's unconstitutionality, it will be resolved in favor of its validity. *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973). We must not construe a statute to violate the constitution if another reasonable construction is available. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68 (1994).

To determine the constitutionality of these statutes, we must engage in statutory interpretation. In construing a statute, we are to give effect to the intent of the legislature. *Castle Corp. v. DOR*, 142 Wis. 2d 716, 720, 419 N.W.2d 709, 710 (Ct. App. 1987). To ascertain legislative intent, we first look to the language of the statute. *See Town of Seymour v. City of Eau Claire*, 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). If it is not ambiguous, then we are not permitted to use interpretation and construction techniques; the words of the statute must be given their obvious and ordinary meaning. *Id*. at 319, 332 N.W.2d at 823–24. Each part of a statute should be construed in connection with every other part so as to produce a harmonious whole. *Milwaukee County v. DILHR*, 80 Wis. 2d 445, 454 n.14, 259 N.W.2d 118, 123 n.14 (1977).

This case requires us to construe three statutory subsections involving nuisances. Section 823.09, STATS., defines a nuisance and provides:

> Whoever shall erect, establish, continue, maintain, use, occupy or lease any building or part of a building, erection or place to be used for the purpose of lewdness, assignation or prostitution, or permit the same to be used, in the State of Wisconsin, shall be guilty of a nuisance and the building, erection, or place, in or upon which such lewdness, assignation or prostitution is conducted, permitted, carried on, continued or exists, and the furniture, fixtures, musical instruments and contents used therewith for the same purpose are declared a nuisance, and shall be enjoined and abated.

Section 823.10, STATS., describes an action for abatement and provides:

If a nuisance, as defined in s. 823.09, exists the district attorney or any citizen of the county may maintain an action in the circuit court in the name of the state to abate the nuisance and to perpetually enjoin every person guilty thereof from continuing, maintaining or permitting the nuisance. All temporary injunctions issued in the actions begun by the district attorneys shall be issued without requiring the undertaking specified in s. 813.06, and in actions instituted by citizens it shall be discretionary with the court or presiding judge to issue them without the undertaking. The conviction of any person, of the offense of lewdness, assignation or prostitution committed in the building or part of a building, erection or place shall be *sufficient* proof of the existence of a nuisance in the building or part of the building, erection or place, in an action for abatement commenced within 60 days of the conviction. (Emphasis added.)

Finally, § 823.11, STATS., addresses evidence to prove a nuisance and provides in part:

In actions begun under s. 823.10 the existence of any nuisance defined by s. 823.09 shall constitute prima facie evidence that the owner of the premises affected has permitted the same to be used as a nuisance . . . .

We first conclude that §§ 823.09 and 823.10, STATS., read in conjunction with § 823.11, STATS., do not violate Schultz's due process rights because they: (1) require proof that the property owner have knowledge that acts of prostitution are occurring on that property, and (2) provide the owner with a meaningful opportunity to rebut the prima facie evidence that the owner had knowledge of those acts, as well as collaterally attack the convictions upon which a nuisance declara-

tion is sought. A person's conviction for prostitution does not constitute *conclusive* evidence of a nuisance. Rather, it constitutes "*sufficient* proof of the existence of a nuisance . . . ." Section 823.10, STATS. (emphasis added). Section 823.11 addresses the evidence necessary to prove nuisance. It provides that as sufficient proof, the convictions "shall constitute prima facie evidence that the owner of the premises affected has *permitted* the same to be used as a nuisance" and that "evidence of the general reputation of the place shall be admissible to prove the existence of such nuisance." (Emphasis added.)

Read in conjunction with §§ 823.09 and 823.10, STATS., § 823.11, STATS., clearly provides that prostitution convictions merely constitute prima facie evidence that the owner *permitted* the building to be used for that purpose.[2] The term "permit" connotes the property owner's informed acquiescence or license. Giving the unambiguous term its plain meaning, we conclude that by using "permitted," the legislature intended that prostitution convictions constitute only prima facie evidence that an owner expressly or knowingly consented to such activity occurring, and that such evidence is rebuttable. Further, the convictions upon which a nuisance declaration is sought are themselves subject to challenge. Thus, read in harmony, the statutes provide Schultz the opportunity to rebut the prima facie evidence that he had knowledge of the prostitution activity and to collaterally attack the convictions sup-

---

[2] To permit means "to consent to expressly or formally : grant leave for or the privilege of : to ALLOW, TOLERATE . . . to give . . . leave . . . to give over . . . ." WEBSTER'S THIRD NEW INT'L DICTIONARY 1683 (Unabr. 1976).

porting the nuisance case.[3] The statutes do not deprive him of due process.

In reaching this holding, we must address *State v. Panno*, 151 Wis. 2d 819, 447 N.W.2d 74 (Ct. App. 1989). In *Panno*, the defendants owned an adult bookstore that the State sought to declare a nuisance because of lewd acts that occurred within it. *Id.* at 822, 447 N.W.2d at 75. The court addressed whether closure of the bookstore violated federal and state free speech rights because no evidence established that the employees or representatives had knowledge of lewd acts occurring on the premises. *Id.* It held that §§ 823.09 and 823.10, STATS., did not require the owner to have knowledge of the prostitution acts. *Id.* at 828, 447 N.W.2d at 78. The case is easily distinguished.

First, *Panno* did not address the specific question before us. Although *Panno* talks in terms of statutory interpretation, the precise question before it was whether the *First Amendment* required that the employees have knowledge of lewd acts occurring within the bookstore. It did not address whether due process requires proof that a property owner had knowledge of prostitution acts, or other proscribed acts under § 823.10, STATS., before such property faces closure as a nuisance. Further, the court did not take into account the interplay among all three sections, including § 823.11, STATS., undoubtedly because it was not asked to do so. However, in light of § 823.11, we must conclude that prostitution convictions constitute only prima facie evidence of whether an owner knowingly permitted prostitution to occur.

We note that *Panno* supports our essential interpretation that §§ 823.09 and 823.10, STATS., provide

---

[3] Schultz, however, waived the hearing and merely challenged the constitutionality of the statutes.

that prostitution convictions constitute sufficient rather than conclusive proof of a nuisance. The *Panno* court found that six convictions for fourth-degree sexual assault and one for lewdness constituted sufficient proof of a nuisance, and properly formed the basis for its conclusion that the activities on the defendants' premises were a nuisance. *Id.* at 828–29, 447 N.W.2d at 78. Significantly, the court expressly stated that the defendants "introduced no evidence to dispute the validity of these convictions." *Id.* at 828 n.1, 447 N.W.2d at 78 n.1. Thus, the sufficient proof of a nuisance demonstrated by prostitution convictions is indeed merely prima facie evidence of both knowledge and the existence of a nuisance.

Finally, we note that, although our statutes require a property owner to have knowledge of acts supporting closure under §§ 823.09, 823.10 and 823.11, STATS., they need not require knowledge in order to pass constitutional muster. The Supreme Court has held that proof of knowledge and specific intent on the part of an innocent owner is not constitutionally required in order to abate a nuisance. *Bennis v. Michigan*, 516 U.S. 442 (1996). Our statutes, however, require such proof. In doing so, the statutes provide a property owner additional protection beyond that required by the constitution.

We turn to Schultz's contention that the statutes unconstitutionally deprive him of his right to freedom of association. We disagree. Schultz is free to associate with whomever he desires. Under §§ 823.09, 823.10 and 823.11, STATS., however, he cannot permit his property to be used for acts of prostitution.

Schultz further contends that by prohibiting prostitution based upon "sexual contact" alone, § 944.30(5), STATS., violates the establishment of religion clause. He

argues that the prohibition is religious in nature, "grounded in Roman Catholic and Protestant teachings that sex outside of marriage is sinful."

We reject Schultz's contention that the prostitution statute constitutes an establishment of religion. As an Indiana court has stated:

> Appellant argues that the prostitution statute violates the federal and state constitutional prohibitions against establishment of religion and constitutional guarantees of religious liberty, by giving Judaeo-Christian ethics the force of criminal law. Virtually all criminal laws are in one way or another the progeny of Judaeo-Christian ethics. We have no intention to overrule the Ten Commandments.

*Sumpter v. State*, 306 N.E.2d 95, 101 (Ind. 1974). The prohibition of sexual contact for something of value, while it may reflect Judaeo-Christian norms, is not an establishment of religion. The statute has a clear secular purpose to protect public health and welfare, to prevent additional forms of prostitution, and to prevent criminal activity associated with prostitution. We reject Schultz's argument as meritless.

Finally, Schultz asserts that prohibiting sexual contact for anything of value is without a rational basis and therefore violates equal protection. He argues that none of the traditional justifications for outlawing prostitution are applicable in prostitution cases based on sexual contact. He cites two foreign cases to support his argument. We are unpersuaded. For the reasons stated above, a rational basis exists to outlaw sexual contact for anything of value.

In sum, we conclude that §§ 823.09 and 823.10, STATS., read in conjunction with § 823.11, STATS., do not violate Schultz's due process rights because they provide him the opportunity to challenge the prima facie evidence that he knowingly permitted prostitution to occur on his property, and also allow him to challenge the underlying convictions on which a nuisance declaration is sought. We further hold that the statutes do not violate constitutional rights to freedom of association, the protection against government establishment of a religion, and equal protection.

*By the Court.*—Judgment affirmed.