STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph SCHULTZ, Defendant-Appellant.

Court of Appeals

*No. 98–2580. Submitted on briefs December 14, 1998.—Decided January 20, 1999.*

(Also reported in 591 N.W.2d 904.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert A. Raehsler*, Hudson, and *Randall D.B. Tigue* of *Randall Tigue Law Offices P.A.*, Minneapolis, Minnesota.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *John J. Glinski*, assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J. Joseph Schultz appeals an order denying his motion to reopen a judgment enjoining him from operating his bar. The trial court had declared his bar a nuisance and enjoined Schultz from operating the bar for one year. Schultz contends he did not assert earlier that he had no knowledge of the unlawful prostitution activity underlying the State's nuisance claim because lack of knowledge was irrelevant under his understanding of then existing law. Schultz contends that as a result of our subsequent decision in *State v. Schultz*, 218 Wis. 2d 798, 582 N.W.2d 113 (Ct. App. 1998) (*Schultz I*), his lack of knowledge is now a defense to the State's claim. Schultz further contends that the trial court erred by failing to allow him to post a performance bond in lieu of closure. Because Schultz has demonstrated a justifiable and excusable mistake in failing to previously assert his lack of knowledge of the prostitution activity, we reverse the trial court's order denying the motion to reopen the nuisance judg-

ment and remand for a determination of Schultz's knowledge of the acts underlying the State's nuisance claim.

Schultz owns an establishment known as the Island Bar. The State sought an injunction against the bar based on a nuisance claim pursuant to §§ 823.09 and 823.10, STATS., alleging that Schultz permitted prostitution involving sexual contact to occur within the bar. The State's nuisance claim was based on the convictions of two men who pled guilty to engaging in prostitution by having sexual contact with the bar's dancers contrary to § 944.30(5), STATS. During that litigation, Schultz challenged the constitutionality of the nuisance statutes. Schultz agreed that the trial court's decision as to the constitutionality of the statutes would control and that there were no substantial factual disputes. He did not assert a defense of lack of knowledge of the conduct underlying the State's claim for the injunction because his understanding was that such knowledge was irrelevant under *State v. Panno*, 151 Wis. 2d 819, 447 N.W.2d 74 (Ct. App. 1989). The trial court resolved the constitutional issues against Schultz. In its written judgment, the trial court declared the bar a nuisance and enjoined Schultz from operating the bar for a one-year period. The judgment was subsequently stayed pending appeal.

We affirmed the trial court's judgment in *Schultz I*. Based upon our determination that prostitution convictions constitute only prima facie evidence whether an owner knowingly permitted prostitution to occur, Schultz moved to reopen the trial court's earlier judgment pursuant to § 806.07, STATS. Schultz sought an order granting an evidentiary hearing at which he would be permitted to present evidence as to his lack of knowledge of the underlying nuisance conditions as a

501

defense to the State's nuisance claim. Alternatively, Schultz sought an order setting a reasonable bond or undertaking pursuant to § 823.15, STATS. The trial court denied Schultz's motions and issued an abatement and execution order based upon its prior judgment. Schultz now appeals.

■■■■

Section 806.07, STATS., authorizes a court to relieve a party from judgment on various specified grounds, including mistake. Section 806.07(1)(a), STATS.[1] Not every mistake is sufficient per se to entitle a moving party to relief. *Trilling v. Nippersink Mgmt. Corp.*, 54 Wis. 2d 406, 413, 195 N.W.2d 833, 837 (1972). Postjudgment courts may reopen judgments for mistakes that are justifiable and excusable. *Hansher v. Kaishian*, 79 Wis. 2d 374, 390–91, 255 N.W.2d 564, 573 (1977). The primary question is whether the conduct of the moving party was excusable under the circumstances. *Id.* Whether a mistake is excusable is encompassed within the meaning of "excusable neglect." *Id.* "Excusable neglect" is that neglect which might have been the act of a reasonably prudent person under the circumstances. *Id.* Therefore, we consider whether Schultz's mistake is of a kind that a reasonably prudent person might have made under the circumstances. Whether to grant relief under this statute is committed to the trial court's discretion, and we will not reverse unless the trial court erroneously exercised its discretion. *Baird Contracting v. Mid Wis. Bank*, 189 Wis. 2d 321, 324, 525 N.W.2d 276, 277 (Ct.

---

[1] Section 806.07(1)(a), STATS., provides in part: "(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons: (a) Mistake, inadvertence, surprise, or excusable neglect . . . ."

App. 1994). A trial court erroneously exercises its discretion if it does not properly apply the law. *Hudson Diesel v. Kenall,* 194 Wis. 2d 531, 542, 535 N.W.2d 65, 69 (Ct. App. 1995).

The trial court concluded that Schultz's waiver of his right to present evidence of lack of knowledge was the result of a strategic move made to avoid a hearing and that *Schultz I* did not overrule *Panno,* which held that one type of nuisance could be defined without any element of knowledge. *Panno,* 151 Wis. 2d at 828, 447 N.W.2d at 78. Schultz contends that he did not previously assert his lack of knowledge of the acts underlying the State's nuisance claim because he believed such knowledge was irrelevant to the State's request for an injunction. Schultz contends his belief was reasonable because in *Panno,* we found an adult bookstore owner's knowledge of the acts underlying a nuisance claim to be irrelevant.

In *Panno,* the owner challenged the statutory basis of the State's claim asserting that §§ 823.09 and 823.10, STATS., violated federal and state constitutional free speech provisions. *Id.* at 822, 447 N.W.2d at 75. The *Panno* court concluded that the statutes did not require that the owner have knowledge of the acts of prostitution occurring on his premises. In reaching this holding the court said:

> Under secs. 823.09 and 823.10, Stats., a finding of nuisance is not limited to situations in which the owner had knowledge of the nuisance. Among other methods of proof, the legislature has provided that the conviction of a person for the offense of lewdness, assignation or prostitution committed on the premises is alone sufficient proof of nuisance. Sec. 823.10. Thus, the legislature, through this language, has defined one type of nuisance without any

element of knowledge. If sufficient proof of such con-
victions is presented, proof of a nuisance is
established and the court may, in its discretion,
issue an injunction.

*Id.* at 828, 447 N.W.2d at 78.

Based on his understanding of the existing state of
the law, Schultz did not attempt to defend the State's
nuisance action by asserting lack of knowledge of the
acts that occurred in his business establishment.
Instead, he mounted a series of constitutional chal-
lenges against the statutes, including a due process
claim, in the belief that a lack of knowledge under
*Panno* would not be a defense.

In *Schultz I*, we upheld the constitutionality of the
statutes against Schultz's due process challenge based
in part on the conclusion that under § 823.11, STATS.,
prostitution convictions constitute only prima facie evi-
dence of the owner's knowledge.[2] We concluded that by
use of the term "permitted" in the statute, "the legisla-
ture intended that prostitution convictions constitute
only prima facie evidence that the owner expressly or
knowingly consented to such activity occurring and
that such evidence is rebuttable." *Id.* at 804, 582
N.W.2d at 116. Thus, while prostitution convictions
constitute prima facie knowledge of the nuisance activ-
ity, we also determined that the statutes provided
Schultz a meaningful opportunity to rebut the prima
facie evidence that he had such knowledge and the
opportunity to collaterally attack the convictions upon
which the declaration of nuisance was sought. *Id.*

---

[2] Section 823.11, STATS., states in relevant part: "In actions
begun under s. 823.10 the existence of any nuisance defined by
s. 823.09 shall constitute *prima facie* evidence that the owner of
the premises affected has *permitted* the same to be used as a
nuisance . . . ." (Emphasis added.)

Here, Schultz made a justifiable and excusable mistake based upon his understanding of then existing law that an owner's knowledge of acts of prostitution occurring on his premises is irrelevant to the State's nuisance claim. It was a reasonable conclusion because *Panno* involved the same statutory provisions under nearly identical facts. A reasonably prudent person in Schultz's position could have reached the same conclusion.

The trial court concluded that Schultz waived his right to litigate the knowledge issue when he agreed that the trial court's decision regarding the constitutionality of the statutes would be controlling and that there was no substantial factual dispute. This waiver, however, was predicated upon Schultz's justifiably mistaken belief that knowledge was irrelevant to the State's underlying nuisance action. Schultz's justifiable and excusable mistake constitutes a sufficient reason to reopen the judgment. *See Hansher*, 79 Wis. 2d at 390–91, 255 N.W.2d at 573. Further, *Panno* does not control whether knowledge of the underlying acts is required because in *Schultz I* we concluded that knowledge is relevant. In sum, the trial court erred by concluding that Schultz waived litigating the knowledge issue because such waiver was the result of his reasonable but mistaken view of the applicable law. The trial court also incorrectly concluded that Schultz's knowledge of the acts of prostitution was irrelevant to the State's nuisance claim.

We conclude that the trial court should have reopened the judgment to extend Schultz an opportunity to litigate the knowledge issue. We therefore reverse the trial court's order denying the motion to reopen the judgment, and direct the judgment be

505

reopened for the limited purpose of permitting Schultz to litigate his claim that he did not have knowledge of the acts of prostitution occurring on his premises. Because we reverse on other grounds, we do not consider Schultz's contention that the trial court erred by refusing to allow him to post a performance bond. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983) (only dispositive issues need be addressed).

*By the Court.*—Order reversed and cause remanded with directions.