COURT OF APPEALS
DECISION
DATED AND FILED

July 27, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1289**

Cir. Ct. No.  **2019CV3389**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

CHONG-LE LI,

   PLAINTIFF-APPELLANT,

V.

WILLIAM HAUS AND HAUS, ROMAN AND BANKS, LLP,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Dane County: VALERIE BAILEY-RIHN, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Chong-Le Li, pro se, appeals a circuit court order denying her motion for relief from judgment under WIS. STAT. § 806.07 (2021-22).[1] In that motion, Li sought to reopen a pro se claim she had filed against William Haus and his law firm that had been dismissed with prejudice by stipulation of the parties.  The issue on appeal is whether the circuit court properly exercised its discretion in denying the motion.  We affirm.

¶2     Li brought this action against Haus and his law firm based on Haus's prior representation of Li in a dispute with her employer.  After the circuit court dismissed several counts of the operative complaint, the parties stipulated to a voluntary dismissal of the case with prejudice and without costs to either party.  The court entered a dismissal order based on the stipulation.

¶3     Several weeks later, Li filed a motion to vacate the order.  In her motion, Li acknowledged that she had proposed the voluntary dismissal.  She explained that she had done so "in order to gain immediate relief from feeling overwhelmed," and because "she was having doubts about her ability to win without the representation of a prominent attorney."

¶4     The circuit court issued a written decision denying Li's motion.  In its decision, the court "liberally constru[ed]" the motion and considered all potential "avenues for relief in WIS. STAT. § 806.07(1)."  The court determined that Li's motion invoked either § 806.07(1)(a), which addresses "[m]istake, inadvertence, surprise, or excusable neglect," or para. (1)(h), which addresses "[a]ny other reasons justifying relief from the operation of the [order]," but that Li was not entitled to relief under either paragraph.  Li appeals.

---

[1]  All references to the Wisconsin Statutes are to the 2021-22 version.

¶5 The circuit court's denial of a motion to vacate an order pursuant to WIS. STAT. § 806.07 is a discretionary determination that we will not reverse absent an erroneous exercise of discretion. *Werner v. Hendree*, 2011 WI 10, ¶59, 331 Wis. 2d 511, 795 N.W.2d 423. "The exercise of discretion requires a record of the [circuit] court's reasoned application of the appropriate legal standard to the relevant facts in the case*.*" *Gaertner v. 880 Corp.*, 131 Wis. 2d 492, 498, 389 N.W.2d 9 (Ct. App. 1986). Thus, we will sustain a circuit court's discretionary decision if the court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶41, 299 Wis. 2d 81, 726 N.W.2d 898 (citation omitted).

¶6 According to Li, the circuit court's written decision "ignored [her] claim entirely [and] there was no acknowledgement of, and no rejection [of] her argument." She contends that the court "re-wrote her facts" and substituted her words "with court-chosen words." We construe Li's argument on appeal to be that the court misinterpreted the facts and her arguments and, if properly considered, she is entitled to relief under WIS. STAT. § 806.07(1)(a) and (h). We address each subsection of the statute in turn.

### WISCONSIN STAT. § 806.07(1)(a)

¶7 WISCONSIN STAT. § 806.07(1)(a) permits a circuit court to "relieve a party ... from a judgment" for "[m]istake, inadvertence, surprise, or excusable neglect." Not every mistake is sufficient to entitle a moving party to relief. *State v. Schultz*, 224 Wis. 2d 499, 502, 591 N.W.2d 904 (Ct. App. 1999). The primary question is "whether the conduct of the moving party was excusable under the

circumstances." ***Id.*** In other words, whether the mistake is the kind that "a reasonably prudent person" might have made "under the circumstances." ***Id.***

¶8 Li argues that her motion "provided sufficient reasons" that she is entitled to relief under WIS. STAT. § 806.07(1)(a). She contends that the circuit court "avoided Li's arguments," and that it "ma[d]e up its own arguments, which were not supported by facts." The record belies these assertions.

¶9 Here, the circuit court acknowledged that "[t]here is no doubt that [Li] considers herself to have been genuinely mistaken." However, the court observed that, under WIS. STAT. § 806.07(1)(a), Li is entitled to relief only for those mistakes that "are of a kind that a reasonably prudent person might have also made." In considering this standard, the circuit court identified two grounds that Li alleged to support her motion for relief under § 806.07(1)(a): (1) that she had been under tremendous pressure, stress, and anguish, especially as a pro se litigant, which increased as the litigation and settlement talks continued; and (2) that she did not fully understand the legal effects of the stipulation that she proposed and signed. Li takes issue with the court's characterization of her arguments, but her criticism is unfounded.

¶10 The circuit court did not mischaracterize Li's argument when it determined that she was asserting that she had made a mistake because of stress and her concerns about proceeding pro se. In reaching this determination, the court relied on Li's own statements in the briefs she filed to support her motion. As the court noted, Li had written that, at the time she proposed voluntary dismissal, she was concerned that "[w]ithout the representation of a prominent lawyer, she couldn't even get her facts out to support her case" and further, that "[h]aving to dredge up those issues [regarding Haus's alleged malpractice] in pursuing the case

4

would have made the stress Li was already under almost unbearable." Li also wrote that, on the morning after she voluntarily dismissed her claims, "when her mind was free from some of the stress and depression of the past several weeks," Li "realized that she'd made a mistake."

¶11 Nor did the circuit court mischaracterize Li's motion when it determined that she was arguing that she did not understand the legal effect of a voluntary dismissal. Again, the court cited Li's own words as the basis for this determination. The court observed that Li argued that she realized she had made a mistake and had "unknowingly given Haus a 'full legal relief.'" Li also argued that, had she known "what the voluntary dismissal with prejudice [meant], she would have discussed it with [Haus's attorney] and ha[d] it addressed in the Stipulation." Additionally, although not recited by the circuit court, Li had contended that "as a nonprofessional in this field, she did not have a thorough grasp of [the] topic" of voluntary dismissal.[2]

¶12 The circuit court did not erroneously exercise its discretion when it determined that Li's stress-based arguments did not provide a basis to vacate the order under WIS. STAT. § 806.07(1)(a). As the court explained, our supreme court has rejected stress-based arguments similar to those raised by Li. *See Burmeister v. Vondrachek*, 86 Wis. 2d 650, 665, 273 N.W.2d 242 (1979) (stating "what

---

[2] We further note that, despite taking issue with the circuit court's characterization of her arguments, Li makes arguments on appeal that mirror those made to the circuit court. As for the stress-based arguments, Li asserts that it "is untrue" that she proposed the dismissal because she was "under a great deal of stress and that [she] was induced to settle because [she] was afraid [she] would lose." At the same time, she acknowledges in her appellate briefing "that she proposed voluntary dismissal with prejudice because she was overwhelmed due to the global pandemic and needed immediate relief from being a pro se [litigant] and handling her own case during this unprecedented time." Similarly, Li asserts that she "never said she made a mistake because 'she failed to understand the legal meaning of dismissal,'" but a few pages later she states that she "first saw 'the legal effect of the agreement she proposed'" when the circuit court issued its final decision.

appellant really is arguing is that the court proceedings placed him under a great deal of stress and that he was induced to settle because he was afraid he would lose," and concluding that the appellant had not provided a sufficient basis to vacate under § 806.07(1)(a)). Applying that standard here, the court reasoned that, to the extent Li was alleging that she had "settled because of stress caused by the prospect of losing, … *Burmeister* precludes vacating the order." Alternatively, to the extent that Li was alleging that she had settled because she "felt tremendous pressure, stress, depression, and anguish caused by the prospect of continued litigation," the court determined that "a reasonably prudent person in Li's circumstances would not propose a voluntary dismissal without understanding the ramifications." *See Schultz*, 224 Wis. 2d at 502. The court concluded that, "[i]n either alternative, Li's stress arguments fail to meet the burden of alleging a sufficient mistake under subsection (a)." We agree.

¶13     We also conclude that the circuit court did not erroneously exercise its discretion when it concluded that Li's misunderstanding of the full legal effect of the stipulation she proposed is not a ground for relief under WIS. STAT. § 806.07(1)(a). Citing *Milwaukee Women's Medical Services, Inc. v. Scheidler*, 228 Wis. 2d 514, 598 N.W.2d 588 (1999), the court correctly explained that "[a]ny mistake based on a misunderstanding of law, as opposed to facts, may not be grounds for relief under [§ 806.07(1)(a)]." *See id.* at 526.

¶14     Like the circuit court, we conclude that the grounds Li advanced in support of her motion to vacate do not amount to "mistake" as that term is used in WIS. STAT. § 806.07(1)(a). We agree with the court that, at best, Li made a decision based on ignorance of the law that no reasonably prudent person in the same situation would have made. We therefore conclude that the court did not

erroneously exercise its discretion when it denied Li's motion for relief under para. (1)(a).

### WISCONSIN STAT. § 806.07(1)(h)

¶15    WISCONSIN STAT. § 806.07(1)(h) permits the circuit court to grant relief from judgment for "[a]ny other reasons justifying relief."  Relief under this section may be afforded only "when extraordinary circumstances are present justifying relief in the interest of justice."  *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶35, 326 Wis. 2d 640, 785 N.W.2d 493.  "The party seeking relief bears the burden to prove that extraordinary circumstances exist."  *Id.*, ¶34. "Extraordinary circumstances are those where the sanctity of the final judgment is outweighed by the incessant command of the court's conscience that justice be done in light of all the facts."  *Id.*, ¶35 (citations, internal quotation marks, brackets, and emphasis omitted).

¶16    In exercising its discretion under WIS. STAT. § 806.07(1)(h), the circuit court should "'consider a wide range of factors' … always keeping in mind the competing interests of finality of judgments and fairness in the resolution of the dispute."  *Id.*, ¶36 (citations omitted).  Although other factors may be relevant, the court must consider five "interest of justice" factors, which are:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*See id.*, ¶¶36, 41 (citation omitted).

¶17 When denying Li's motion pursuant to WIS. STAT. § 806.07(1)(h), the circuit court cited to the five "interest of justice" factors and explicitly noted that it was required to take those factors into consideration. The court then weighed the factors against the interest in the finality of judgments and determined that none of the factors outweighed this interest.

¶18 The circuit court's decision in that regard was thoughtful, detailed, and amply supported by the record. While the court noted that there may be some factors weighing in favor of vacating the dismissal order, the court did not find that those factors, on balance, require reopening the judgment, particularly in light of Li's "pattern of agreeing to a settlement and then seeking relief from her voluntary decision." The court clearly took all the relevant factors into consideration and concluded that Li's change of heart after agreeing to voluntarily dismiss the action did not warrant reopening that judgment. The circuit court properly exercised its discretion.

¶19 For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion in denying Li's motion to vacate the dismissal order. The court applied the proper legal standards to the facts of record to reach a reasonable conclusion that the court adequately explained.[3]

---

[3] Li also argues on appeal that the circuit court erred in dismissing two of the counts against Haus and his law firm prior to the parties' stipulation for voluntary dismissal. Because we have decided that the circuit court did not err when it denied Li's motion to vacate the dismissal order and reopen the case, we need not decide whether the court erred in making its earlier decision to dismiss specific claims. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.