**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 10, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP799**

**STATE OF WISCONSIN**

Cir. Ct. No. **2021CV77**

**IN COURT OF APPEALS
DISTRICT IV**

B.G. DURITE CONCRETE, INC.,

PLAINTIFF-RESPONDENT,

V.

BRYAN BAGSTAD,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Bryan Bagstad appeals an order that denied Bagstad's motion for relief from a default judgment granted to B.G. Durite

Concrete, Inc., based on Bagstad's failure to timely answer Durite's complaint. Bagstad contends that the circuit court erroneously exercised its discretion by denying Bagstad's motion for relief from the default judgment under WIS. STAT. § 806.07(1)(a) and (h) (2021-22).[1] For the reasons explained in this opinion, we conclude that the circuit court properly exercised its discretion by denying the motion for relief from the judgment. We affirm.

*Background*

¶2      On March 26, 2021, Durite filed a complaint against Bagstad to recover alleged unpaid amounts for services it provided. The summons and complaint, which were served on Bagstad on March 27, 2021, stated that Bagstad was required to file an answer within twenty days or judgment could be granted against him. Bagstad failed to file an answer to the complaint. On May 14, 2021, Durite moved for default judgment based on Bagstad's failure to file an answer. On May 17, 2021, the circuit court granted default judgment to Durite.

¶3      On July 21, 2021, Bagstad moved for relief from the default judgment. Bagstad averred that he received the summons and complaint on March 27, 2021, but that he set it aside because he was busy working on his house and he expected to receive a subsequent notice to appear in court. He argued that his failure to timely answer the complaint was therefore due to mistake, inadvertence, or excusable neglect under WIS. STAT. § 806.07(1)(a). Alternatively, he argued that relief from the judgment was warranted in the interest of justice under § 806.07(1)(h). The circuit court denied Bagstad's

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

motion, determining that Bagstad had failed to meet any of the requirements for relief from judgment under § 806.07(1). Bagstad appeals.

*Discussion*

¶4      Under WIS. STAT. § 806.07(1), "the court ... may relieve a party ... from a judgment … for the following reasons:  (a) Mistake, inadvertence, surprise, or excusable neglect; … or (h) Any other reasons justifying relief from the operation of the judgment."  We review a circuit court's decision on a motion to vacate a judgment under § 806.07 for an erroneous exercise of discretion. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610.  A court properly exercises its discretion if it examines the relevant facts, applies a proper standard of law, and, using a demonstrated rational process, reaches a conclusion a reasonable judge could reach. *Franke v. Franke*, 2004 WI 8, ¶54, 268 Wis. 2d 360, 674 N.W.2d 832.

¶5      Bagstad contends that the circuit court erroneously exercised its discretion by failing to properly apply the law for deciding a motion for relief from judgment under WIS. STAT. § 806.07(1).  He contends that the court failed to expressly consider the five interest of justice factors for relief under § 806.07(1)(h), *see Miller v. Hanover Insurance Co.*, 2010 WI 75, ¶36, 326 Wis. 2d 640, 785 N.W.2d 493, and failed to expressly assume the facts as asserted in Bagstad's motion for relief in Bagstad's favor, *see State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 557, 363 N.W.2d 419 (1985).  Additionally, he points out that courts must consider that § 806.07(1) is remedial in nature and should be liberally construed; that "the law prefers, whenever reasonably possible, to afford litigants a day in court and a trial on the issues"; and that "default judgments are regarded with particular disfavor." *See Miller*, 326 Wis. 2d 640, ¶31.

¶6      We assume without deciding that Bagstad is correct that the circuit court erred by failing to set forth an analysis of the factors for relief under WIS. STAT. § 806.07(1)(h) and by failing to expressly consider the facts set forth in Bagstad's motion for relief in Bagstad's favor. However, this court will search the record for reasons to sustain a circuit court's discretionary determination. *See Long v. Long*, 196 Wis. 2d 691, 698, 539 N.W.2d 462 (Ct. App. 1995). When a circuit court fails to expressly consider the five interest of justice factors under § 806.07(1)(h), "we will independently review the record to determine whether there is a basis for the proper exercise of discretion, including whether the record provides a reasonable basis for the court's decision." *Miller*, 326 Wis. 2d 640, ¶¶47-60. We recognize that default judgments are generally disfavored. In this case, however, we conclude that the record supports the court's decision to deny the motion for relief from the default judgment as a proper exercise of its discretion.

¶7      Bagstad argues that the circuit court erred by denying him relief under WIS. STAT. § 806.07(1)(a) (court may relieve party from judgment based on mistake, inadvertence, surprise, or excusable neglect). He asserts the following as establishing that his failure to answer the complaint was due to mistake, inadvertence, or excusable neglect. Bagstad received the summons and complaint, but set them aside because he was busy at the moment working on his house. He did not answer the complaint because he expected to receive a court date. He did not read the notice that default could be entered against him. Subsequently, Bagstad received Durite's motion for default judgment that stated that a court date would be set on the motion, reinforcing Bagstad's belief that he would receive a court date to assert a defense. However, default judgment was entered without a

4

hearing. Bagstad then retained counsel and promptly filed a motion for relief from the judgment.

¶8      Bagstad argues that those facts amount to a "mistake" according to the common dictionary definition of the word, that is, an "error arising from ignorance," *see* **Webber v. Quaw**, 46 Wis. 118, 122, 49 N.W. 830 (1879) (quoted source omitted), or "'error or … fault resulting from defective judgment, deficient knowledge, or carelessness,'" *see* **Wisconsin Central Ltd. v. DOR**, 2000 WI App 14, ¶11, 232 Wis. 2d 323, 606 N.W.2d 226 (quoted source omitted). Bagstad argues that his mistake was a reasonable one for a non-lawyer to make. Therefore, he contends, the court erroneously exercised its discretion by denying him relief from the judgment based on mistake, inadvertence, or excusable neglect. We are not persuaded.

¶9      We have explained that "[n]ot every mistake is sufficient per se to entitle a moving party to relief" under WIS. STAT. § 806.07(1)(a). **State v. Schultz**, 224 Wis. 2d 499, 502, 591 N.W.2d 904 (Ct. App 1999). Rather, a circuit court may reopen a judgment based on a mistake only if the mistake was "justifiable" and "excusable under the circumstances." **Id.** Thus, "[w]hether a mistake is excusable is encompassed within the meaning of 'excusable neglect,'" that is, "that neglect which might have been the act of a reasonably prudent person under the circumstances." **Id.** (quoted source omitted). Accordingly, the inquiry is whether Bagstad's mistake "is of a kind that a reasonably prudent person might have made under the circumstances." *See* **id.** We conclude that it is not.

¶10      Bagstad received a complaint that stated an answer was required within twenty days or judgment could be granted against him. A reasonably prudent person served with that complaint would have read the complaint to see

what action was required and would have taken some action within the twenty days stated in the complaint. A reasonably prudent person would not have simply set aside the complaint without taking any action. Being too busy due to work on one's house is not a valid excuse or reasonable under the circumstances.

¶11 Additionally, we are not persuaded that the subsequent motion for default judgment rendered Bagstad's failure to timely answer the complaint reasonable under the circumstances. By the time Bagstad received the motion for default judgment, the time to answer the complaint had already passed. Accordingly, the motion for default judgment could not have contributed to Bagstad's decision not to file a timely answer to the complaint. Because Bagstad's failure to timely answer the complaint was not reasonable under the circumstances, the court was not required to find that the facts in Bagstad's motion for relief established mistake, inadvertence, or excusable neglect under WIS. STAT. § 806.07(1)(a).

¶12 Bagstad also argues that the circuit court erred by failing to grant him relief under the catch-all provision of WIS. STAT. § 806.07(1)(h). He contends that all of the interest of justice factors weigh in his favor, entitling him to relief. *See* **Miller**, 326 Wis. 2d 640, ¶36 (listing factors a court must consider in determining whether to grant relief from judgment under § 806.07(1)(h)). We are not persuaded.

¶13 Relief from a default judgment may be granted under WIS. STAT. § 806.07(1)(h) only "when extraordinary circumstances are present justifying relief in the interest of justice." **Miller**, 326 Wis. 2d 640, ¶35. "The party seeking relief bears the burden to prove that extraordinary circumstances exist." **Id.**, ¶34.

A court must consider the following factors in considering whether to grant relief under § 806.07(1)(h):

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Miller*, 326 Wis. 2d 640, ¶36 (quoted source omitted). We consider each factor and conclude that, while some of the factors do or may weigh in Bagstad's favor, the circuit court was not required to grant relief from the judgment.

¶14 Bagstad received the complaint informing him that an answer was required within twenty days or default judgment could be entered against him. Bagstad chose to set the complaint aside, with the excuse being that he was working on his house, rather than even attempting to file an answer. This may be viewed as a deliberate and conscientious choice not to file a timely answer. Bagstad was not represented by counsel when he received the complaint and failed to answer, so that factor is neutral. There was no judicial consideration of the merits before default judgment was entered, so that factor weighs in Bagstad's favor. Additionally, Bagstad has asserted that he has a meritorious defense to the claim; we accept that assertion for purposes of this opinion and consider that factor to weigh in Bagstad's favor. There do not appear to be any intervening circumstances making it inequitable to grant relief, and we consider that factor to weigh in Bagstad's favor as well.

7

¶15    Bagstad argues that the five interest of justice factors weigh in his favor, requiring reversal.  However, the five interest of justice factors are not exclusive.  ***State v. Sprosty***, 2001 WI App 231, ¶20, 248 Wis. 2d 480, 636 N.W.2d 213.  Rather, courts must "consider factors relevant to the competing interests of finality of judgments and relief from unjust judgments," which would include—but not be limited to—the five interest of justice factors.  ***M.L.B.***, 122 Wis. 2d at 552.  Ultimately, WIS. STAT. § 806.07(1)(h) applies only when there are "extraordinary circumstances that constitute equitable reasons for relief."  ***M.L.B.***, 122 Wis. 2d at 549-50.

¶16    We conclude that on these facts the circuit court properly exercised its discretion by denying relief under WIS. STAT. § 806.07(1)(h). Section 806.07(1)(h) "should be used sparingly."  ***M.L.B.***, 122 Wis. 2d at 550.  A party is entitled to relief under § 806.07(1)(h) "only when the circumstances are such that the sanctity of the final judgment is outweighed by 'the incessant command of the court's conscience that justice be done in light of *all* the facts.'" ***M.L.B.***, 122 Wis. 2d at 550 (quoted source omitted).  Here, we accept that the interest of justice factors weigh in Bagstad's favor, as set forth above.  Ultimately, however, the only reason Bagstad has asserted for his failure to timely answer the complaint is that he set the complaint aside because he was busy working on his house.  We conclude that Bagstad has not met his burden of proving that extraordinary circumstances exist requiring the circuit court to grant relief from the judgment.  *See **id.***

*By the Court*.—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.